UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos.: 3:06-CR-80 |
| | ) | 3:06-CR-168 |
| KERRY TATE, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

These criminal cases are before the Court on the Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 32],[1] filed by the defendant, Kerry Tate. In his motion, the defendant requests a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits the Court to reduce a defendant's sentence if the sentencing range has been lowered since the defendant was initially sentenced. The defendant's motion is based upon Amendment 750, a retroactive amendment to the U.S. Sentencing Guidelines. The United States has responded [Doc. 33], stating that Amendment 750 applies to this case and deferring to the Court's discretion on whether to grant the defendant's motion, and, if so, to what extent his sentence is to be reduced.

**I.    Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th

---

[1]This order also resolves Doc. 21 in Case No. 3:06-CR-168.

Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S.S.G. § 1B1.10, which designates the amendments to the Guidelines which may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S.Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding").

Section 1B1.10 provides, in relevant part, that:

(a)    Authority. –

> (1) In General. -- In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

2

. . . .

>   (b) Determination of Reduction in Term of Imprisonment. –
>
>   > (1) In General. -- In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
>   (2) Limitations and Prohibition on Extent of Reduction. –
>
>   > (A) In General. -- Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(a), (b) (revised Dec. 11, 2007). In addition to these limits, § 1B1.10 also states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

The Fair Sentencing Act of 2010, Pub. L. 111-120, 124 Stat. 2372 (2010) (the "FSA"), directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the

3

Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and, on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332-41335 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine.

Because Amendment 750 may now be applied retroactively, *see* U.S.S.G. § 1B1.10(c), if the sentencing range for the defendant's offense has been lowered by Amendment 750, the Court has discretion under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**II.     Analysis**

On January 3, 2007, the defendant pled guilty to and was convicted of two counts of possession with intent to distribute more than five (5) grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) [Doc. 18; Doc. 23]. The defendant was held accountable for 38.3 grams of crack cocaine. In calculating the applicable guideline range according to the Guidelines in effect at the time of the defendant's sentencing, the probation officer determined that for an offense involving 38.3 grams of crack cocaine, the defendant's base offense level was 30. This base offense level of 30 was reduced by three levels for the defendant's acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b), resulting

4

in a total offense level of 27. Given the defendant's criminal history category of VI, the defendant faced a sentencing guideline range of 130 to 162 months imprisonment for each count. On May 3, 2007, the Court sentenced the defendant to 130 months' imprisonment on each count, to be served concurrently, for a total effective sentence of 130 months, a sentence at the bottom end of the applicable guideline range [Doc. 23]. On March 25, 2011, pursuant to a motion brought by the defendant pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706, the Court reduced the defendant's sentence to 110 months' imprisonment [Doc. 31]. According to the Bureau of Prisons (the "BOP"), the defendant is presently scheduled for release on November 19, 2014 [Doc. 33, p. 3].

Both the defendant and the government agree that the defendant's advisory Guidelines range was based on the Guidelines for cocaine base offenses that were in effect prior to November 1, 2011 and thus, the defendant's advisory Guidelines range is affected by Amendment 750 [Doc. 32; Doc. 33]. Under Amendment 750, the quantity of drugs for which the defendant was held accountable, 38.3 grams of crack cocaine, would yield a base offense level of 26, which, after a three-level reduction for acceptance of responsibility, results in an amended total offense level of 23 [Doc. 33, p. 3]. This new total offense level, combined with the defendant's criminal history category of VI, results in an amended advisory Guidelines range of 92 to 115 months' imprisonment [*Id.*]. Because this range is lower than the Guidelines range previously applicable to the defendant, the Court agrees with the parties that the defendant is eligible for a sentence reduction under § 3582(c)(2) and the

5

Case 3:06-cr-00080-TAV-CCS   Document 34   Filed 05/22/12   Page 5 of 9   PageID #: 51

Court may reduce the defendant's sentence after considering the § 3553 factors if it finds that a reduction is consistent with the applicable policy statement.

In regard to the § 3553 factors, the Court has considered the nature and circumstances of the defendant's offense and his history and characteristics, along with the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. The Court has also considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a).

Amendment 750 itself addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities by "restor[ing] fairness to Federal cocaine sentencing." *See* FSA. The Court previously considered the § 3553 factors at the defendant's sentencing and ultimately determined that a sentence of 130 months' imprisonment, a sentence at the bottom of the defendant's advisory Guidelines range, was appropriate. The Court also found a similar sentence appropriate following the promulgation of Amendment 706, reducing the defendant's sentence to 110 months' imprisonment. A similar revised sentence, given the reduced Guidelines range, would be a sentence of 92 months' imprisonment, an 18-month reduction from the defendant's current sentence. The government has indicated that it "has no specific information to present in opposition to a reduction in the defendant's sentence

and thus defers to the Court's discretion whether the requested reduction is appropriate." [Doc. 33, p. 4].

Records received from the BOP reviewed by the Court in regard to the defendant's first motion for reduction of sentence indicate that the defendant's work performance since his arrival at his present facility was steady and consistent. The defendant was working in the UNICOR 3 detail, a factory job, and he had also been assigned to other work details. The records also indicate that the defendant successfully completed a number of re-entry, educational, health, and work-related programs, including Parenting I, Home/Apartment Improvement, Road to Re-Entry, Auto CAD, and Business Transportation. The defendant was also currently enrolled in the Vo-Tech Electrical Program, Public Speaking, and Spanish I. The BOP records indicated only one infraction, an incident report for giving/accepting money without authorization and for which the defendant received a suspension of his commissary privileges. The Court has not been presented with any new information regarding any new infractions or disciplinary actions.

In regard to the § 3553 factors, the Court has considered the danger to the public as the result of any reduction in the defendant's sentence. *See* U.S.S.G § 1B1.10, cmt. n.1(B)(ii).[2] In this regard, the Court notes that the defendant is listed as a criminal history category VI offender and that his criminal history is lengthy and includes a prior conviction

---

[2] Stating that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction . . . ." U.S.S.G. § 1B1.10, cmt. n.1(B)(ii).

7

for aggravated robbery. The defendant was also a poly-substance abuser who started smoking marijuana at age 9 and first used cocaine and crack cocaine at age 15. At his initial sentencing hearing, the defendant indicated a desire for drug treatment. Given this information, along with his history of drug use, the Court recommended participation in the 500-hour residential drug program.

In sum, after considering the relevant § 3553 factors and taking into account the information regarding the defendant's post-sentencing conduct, the danger to the public created by any reduction in the defendant's sentence, and the position of the government, the Court finds a reduction in the defendant's sentence to be appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels for crack cocaine offenses promulgated by the FSA and implemented through Amendment 750. The Court has also taken into consideration the defendant's criminal history and the risk the defendant poses to public safety. Finally, the Court has considered the need to provide the defendant with educational training and drug treatment, as it seems the defendant has taken advantage of and completed several programs offered by the BOP, including drug treatment and anger management classes. *See* 18 U.S.C. § 3553(a)(2)(D).

Accordingly, because the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time, and because the Court does not have any new information regarding the defendant's conduct that causes it to reach a different conclusion under the § 3553 factors, the Court will reduce the defendant's sentence

8

Case 3:06-cr-00080-TAV-CCS   Document 34   Filed 05/22/12   Page 8 of 9   PageID #: 54

to a term of 92 months' imprisonment, to take effect ten (10) days from the entry of this order to allow the BOP time to fully comply with its statutory obligations.

### III. Conclusion

Accordingly, the defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 32][3] is **GRANTED** and the defendant's sentence is **REDUCED** to **92 months' imprisonment, to take effect ten (10) days from the entry of this order** to allow the BOP time to fully comply with statutory obligations. The Clerk of Court is **DIRECTED** to issue an amended judgment in accordance with this order. The amended judgment shall also include the following language: if this sentence is less than the amount of time the defendant has already served, the sentence shall be reduced to a "time served" sentence.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[3] Doc. 21 in Case No. 3:06-CR-168.